IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA
OKLAHOMA CITY DIVISION

**NIKKO HENDERSON,**  **PLAINTIFF**
**Individually and on behalf of All Others**
**Similarly Situated**

vs.   No. 5:17-cv- 626-R

**BEAVEX, INC.**  **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Nikko Henderson ("Plaintiff"), individually and on behalf of others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint–Collective Action ("Complaint") against Defendant BeavEx, Inc. ("Defendant" or "BeavEx"), and in support thereof does hereby state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees, as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiff and other similarly situated individuals overtime compensation for the hours in excess of forty hours in a single week that they were/are made to work.

## II. JURISDICTION AND VENUE

2. The United States District Court for the Western District of Oklahoma has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. A substantial part of the acts complained of herein were committed and had their principal effect within the Oklahoma City Division of the Western District of Oklahoma; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

4. Plaintiff Nikko Henderson is an individual and resident of Tulsa, Oklahoma. Mr. Henderson's consent is attached hereto as Exhibit "A."

5. At all times relevant to this Complaint, Plaintiff was employed by Defendant as a courier and misclassified as an independent contractor and non-exempt from the requirements of the FLSA.

6. BeavEx is a foreign for-profit limited liability company, registered to do business in the State of Oklahoma, providing delivery and logistics services throughout the United States.

7. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

8. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in interstate

commerce, including but not limited to, vehicles, pharmaceutical products, GPS units, and other goods necessary to operate a delivery and logistics service.

9. The registered agent of BeavEx is listed as Corporation Service Company, 10300 Greenbriar Place, Oklahoma City, Oklahoma 73159.

10. HR and other payment decisions and directives are made at BeavEx's headquarters found at 2120 Powers Ferry Rd., Atlanta, GA 30339.

### IV.  FACTUAL ALLEGATIONS

11. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as though fully incorporated herein.

12. Defendant's primary business purpose is to provide delivery and logistics services, and Defendant employs courier drivers to accomplish this goal.

13. Defendant was/is the employer for purposes of the FLSA of the couriers, including Plaintiff and the Putative Class Members, throughout the relevant time period in this case.

14. Within three years prior to the filing of this Complaint, Defendant hired Plaintiff, among other individuals, to perform duties as a courier driver.

15. Defendant did not record the amount of hours spent by Plaintiff or other couriers performing deliveries.

16. Defendant set the pay rate for couriers. Defendant compensated couriers, including Plaintiff, for their work on a flat rate basis.

17. Couriers, including Plaintiff, regularly performed his duties for more than forty hours per week.

18. Defendant knew or should have known that the job duties of couriers, including Plaintiff, required them to work hours in excess of forty per week.

19. Defendant failed to pay couriers, including Plaintiff, one-and-one-half times their regular rate for hours that they worked in excess of forty per week.

20. Defendant exercised comprehensive control over the employment of its couriers, including Plaintiff's employment.

21. Defendant required couriers to follow a fixed schedule in performing their routes/deliveries.

22. Couriers could not refuse pick-ups or deliveries on their assigned route.

23. Defendant would order couriers to make additional stops on their routes. Couriers could not refuse to make these additional deliveries/pick-ups.

24. Defendant required couriers to use BeavEx's hand-held scanning device at each delivery/pick-up and would reprimand couriers if they failed to perform a scan at each stop.

25. Defendant required couriers to call in if they were going to be late for a delivery.

26. Defendant monitored couriers and reprimanded them when they were late.

27. Defendant required couriers to stay in contact with Defendant by cellular telephone throughout their workday to confirm deliveries.

28. Defendant required couriers to wear a uniform while performing their job and reprimanded couriers if they failed to wear their uniform.

29. Defendant would audit or spot-check couriers to make sure that they were in compliance with company rules.

30. Defendant terminated couriers if they violated company rules or did not perform their deliveries according to Defendant's schedule.

31. Couriers were required to have a background check and drug screening before they could work for Defendant.

32. Defendant knew or should have known that the FLSA applied to the operation of its courier operations at all relevant times.

33. Defendant knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations involving the misclassification of couriers.

34. Despite being on notice of its violations, Defendant chose to continue to misclassify Plaintiff and other members of the proposed collective class and withhold overtime wages to them in an effort to enhance its profits.

## V. LEGAL ALLEGATIONS

35. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

### A. Individual Claims for FLSA Overtime Violations

36. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty per week. 29 U.S.C.S. § 207 (LEXIS 2013).

37. Defendant failed to pay Plaintiff at a rate of one and one-half times his regular rate for all hours worked over forty (40) hours per week.

38. Defendant knew or should have known of its obligation to pay Plaintiff at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

39. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for unpaid overtime wages, liquidated damages, pre-judgment interest, costs, and a reasonable attorney's fee as provided by the FLSA.

### B. Collective Action Claims for Violation of the FLSA

40. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

41. In addition to his individual claims against Defendant, Plaintiff brings claims for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendant as similarly situated employees at any time within the applicable statute of limitations period.

42. The proposed class of opt-in Plaintiffs in this case is preliminarily defined as follows:

> **Each and every individual who performed courier/delivery services on Defendant's behalf any time after three years preceding the filing of the Original Complaint.**

43. Throughout the statute of limitations period covered by these claims, Plaintiff and Putative Class Members regularly worked in excess of forty (40) hours per week, and Putative Class Members continue to do so.

44. At all relevant times, Defendant operated under common policies, plans and practices of failing and refusing to pay Plaintiff and Putative Class Members at one-

and-one-half times their regular rate for work in excess of forty (40) in each workweek in violation of the FLSA.

45. Defendant knew or should have known of its obligation to pay the Putative Class Members at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

46. Defendant's conduct and practice, as described above, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

47. By reason of the unlawful acts alleged herein, Defendant is liable to Putative Class Members for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA.

## VI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Nikko Henderson, individually and on behalf of all others similarly situated, respectfully prays for declaratory relief and damages as follows:

A. That Defendant be summoned to appear and answer herein;

B. That Defendant be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

C. A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying members of the collective action class;

E. Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

F. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and Putative Class Members during the applicable statutory period;

G. An order directing Defendant to pay Plaintiff and Putative Class Members prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

H. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**NIKKO HENDERSON, Individually and on behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Young & Newsom, P. C.
Jeremi K. Young, OBA No. 22035
Tim Newsom, OBA No. 20017
1001 S. Harrison, Suite 200
Amarillo, Texas 79101
Telephone: (806) 331-1800
Facsimile: (806) 379-7176
jyoung@youngfirm.com

Josh tim@youngfirm.com


By: /s/ Tim Newsom
Tim Newsom